**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4110**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CARLOS CHAVEZ HERNANDEZ,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:05-cr-00242)

Submitted:  September 17, 2007     Decided:  October 17, 2007

Before MICHAEL and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James S. Weidner, Jr., Charlotte, North Carolina, for Appellant. Edward R. Ryan, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Chavez Hernandez appeals his sentence to 120 months in prison and five years of supervised release after pleading guilty to conspiracy to possess with intent to distribute fifty grams or more of methamphetamine and possessing with intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). Hernandez's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious grounds for appeal but raising the issues of whether the district court erred in failing to sentence Hernandez below the mandatory minimum pursuant to 18 U.S.C. § 3553(f) (2000), and whether his sentence is unreasonably long. Finding no reversible error, we affirm.

We will affirm a sentence imposed by the district court as long as it is within the statutorily prescribed range and reasonable. United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). A sentence may be unreasonable for both substantive and procedural reasons. United States v. Moreland, 437 F.3d 424, 434 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). An error of law or fact can render a sentence unreasonable. United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). We review a district court's factual findings for clear error and its legal conclusions de novo. United States v. Hampton, 441 F.3d 284,

287 (4th Cir. 2006). Issues raised for the first time on appeal are reviewed for plain error. Hughes, 401 F.3d at 547.

In sentencing a defendant, the district court must: (1) properly calculate the guideline range; (2) determine whether a sentence within that range serves the factors under 18 U.S.C. § 3553(a) (2000); (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting a sentence. Green, 436 F.3d at 455-56. A sentence within a properly calculated advisory guideline range is presumed to be reasonable. Id. at 457; see Rita v. United States, 127 S. Ct. 2456 (2007) (upholding presumption of reasonableness). This presumption can only be rebutted by showing the sentence is unreasonable when measured against the § 3553(a) factors. United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006), cert. denied, 127 S. Ct. 3044 (2007).

The district court determined Hernandez's base offense level under U.S. Sentencing Guidelines Manual § 2D1.1(c)(5) (2005) was thirty and accorded him a three-level reduction for acceptance of responsibility. With a criminal history category III, his guideline range was 87 to 108 months in prison. However, as Hernandez conceded, he was subject to a mandatory minimum sentence of ten years, see 21 U.S.C. § 841(b)(1)(A)(viii) (2000), and the district court properly found his advisory guideline sentence was 120 months. Because Hernandez had four criminal history points, he

did not meet the requirements under 18 U.S.C. § 3553(f)(1), and his sentence to the mandatory minimum was not unreasonably long.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 4 -